Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James H. Alesia | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2075 | **DATE** | June 10, 2003 |
| **CASE TITLE** | *CC Industries, Inc. vs. ING/ReliaStar Life Ins. Co., et al.* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The court grants plaintiff's motion to remand the case to state court [9-1]. Defendant Cigna Healthcare's motion to dismiss Counts II and III is stricken as moot [5-1]. This matter is remanded to the Circuit Court of Cook County, Illinois (County Department, Law Division).

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 11 2003 | |
| ✓ | Notified counsel by telephone. | | date docketed | 13 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 6/10/03 | |
| | | 03 JUN 10 PM 4:49 | date mailed notice | |
| CW | courtroom deputy's initials | Date/time received in central Clerk's Office | CW mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CC INDUSTRIES, INC., )
)
      Plaintiff, )
)
v. ) Case No: 03 C 2075
)
ING/RELIASTAR LIFE INSURANCE ) Judge James H. Alesia
COMPANY[1] and CIGNA HEALTHCARE )
OF ILLINOIS, INC., )
)
      Defendants. )

## MEMORANDUM OPINION AND ORDER

Currently before the court is plaintiff's motion to remand the case to the Circuit Court of Cook County, Illinois pursuant to 28 U.S.C. § 1447(c). For the following reasons, the court grants plaintiff's motion to remand.

### I. BACKGROUND

Plaintiff CC Industries, Inc. ("CCI") originally filed this action against defendants ReliaStar Life Insurance Company ("ReliaStar") and CIGNA Healthcare of Illinois, Inc. ("CHC") in the Circuit Court of Cook County, Illinois claiming breach of contract and negligent misrepresentation. Defendants removed the action to this court on the basis of diversity jurisdiction claiming CHC, the non-diverse party, was fraudulently joined. Plaintiff moves to remand the case to state court for lack of subject matter jurisdiction.

---

[1] In the notice of removal defendants state the proper name of defendant is ReliaStar Life Insurance Company.

Plaintiff CCI is a Delaware corporation with its principal place of business in Chicago, Illinois. Plaintiff claims to have entered into an administrative services agreement ("ASO agreement"), effective January 1, 1997, with defendant CHC, a Delaware corporation with its principal place of business in Chicago, Illinois. A copy of the ASO agreement, attached to plaintiff's complaint, names plaintiff and Healthsource Provident Administrators, Inc. ("Healthsource"), a Tennessee corporation with its principal place of business in Tennessee, as the parties to the ASO agreement. In 1998, an amendment ("1998 amendment") to the ASO agreement was executed replacing Healthsource with Connecticut General Life Insurance Company ("CGLIC"), a Connecticut corporation with its principal place of business in Connecticut. Plaintiff alleges CHC performed the obligations under the ASO agreement and 1998 amendment to administer claims made under plaintiff's medical and dental employee benefits plan. As part of this administration, plaintiff alleges CHC agreed to develop and produce reports requested by plaintiff regarding the administration of plaintiff's benefit plan and other case management responsibilities.

Plaintiff applied for individual excess medical insurance coverage with defendant ReliaStar, a Minnesota corporation with its principal place of business in Minneapolis, Minnesota. As part of the application, plaintiff prepared a disclosure statement identifying plan beneficiaries with serious claims based upon information CHC allegedly provided. ReliaStar issued plaintiff an individual excess medical insurance policy effective on January 1, 2000.

Prior to plaintiff's preparation of the disclosure statement, CHC allegedly provided claims administration to two plan beneficiaries who incurred medical bills in excess of the amount

covered by plaintiff's primary insurance. CHC allegedly failed to identify these beneficiaries as serious to plaintiff, thus plaintiff did not include them in the disclosure statement to ReliaStar. Plaintiff submitted the claims of these beneficiaries to ReliaStar for payment and ReliaStar denied the claims because plaintiff failed to disclose them as serious in the disclosure statement.

On February 13, 2003, plaintiff filed suit in the Circuit Court of Cook County, Illinois against defendants ReliaStar and CHC (collectively "defendants") seeking to recover expenses for the denied claims. Count I of plaintiff's complaint alleges breach of contract against ReliaStar. Count II alleges breach of contract against CHC. Count III alleges negligent misrepresentation against CHC. On March 21, 2003, defendants removed the case to this court, invoking diversity jurisdiction on the grounds that CHC, the non-diverse defendant, was fraudulently joined. On March 28, 2003, CHC filed a motion to dismiss plaintiff's claims against it.[2] On April 29, 2003, plaintiff filed a motion to remand the case to state court.[3]

## II. DISCUSSION

### A. Standard for Deciding a Motion to Remand

Under 28 U.S.C. § 1441, removal is proper over any action that could have been filed originally in federal court. However, if the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c). Courts presume that a plaintiff's choice of forum is proper and valid and resolve all doubts regarding jurisdiction in

---

[2] On April 8, 2003, the court continued generally defendant CHC's motion to dismiss pending the resolution of plaintiff's motion to remand.

[3] On May 20, 2003, the court granted ReliaStar leave to join in CHC's response to plaintiff's motion to remand.

favor of remand. *Shalabi v. Huntington Nat'l Bank*, No. 01 C 2959, 2001 WL 777055, at *1 (N.D. Ill. July 11, 2001) (citing *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). Thus, the party seeking removal bears the burden of establishing jurisdiction. *Id.* (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Doe*, 985 F.2d at 911). Removal on the basis of diversity jurisdiction is proper when the suit satisfies the amount in controversy requirement and there is complete diversity among parties properly joined pursuant to 28 U.S.C. § 1332(a). *Id.* (citing 28 U.S.C. § 1332(a)). A case with a non-diverse defendant becomes removable on dismissal of that defendant only if the plaintiff voluntarily dismisses the defendant or if the defendant is dismissed as fraudulently joined. *Id.* (citing 28 U.S.C. § 1446(b); *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 72-73 (7th Cir. 1992)).

**B.     Fraudulent Joinder**

The parties do not dispute whether the amount in controversy is satisfied. The issue is whether complete diversity exists, which depends on whether CHC was fraudulently joined. "Diversity jurisdiction cannot be destroyed by joinder of nondiverse parties if such joinder is fraudulent." *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 337 (7th Cir. 1993). Fraudulent joinder occurs where: (1) there is no possibility that a plaintiff can state a cause of action against a non-diverse defendant in state court or (2) there has been outright fraud in the plaintiff's pleadings of jurisdictional facts. *Id.* In this case, defendants do not allege outright fraud in plaintiff's pleadings. Instead, defendants argue that plaintiff cannot state a cause of action against CHC. Thus, to establish fraudulent joinder defendants must show, after resolving all issues of fact and

4

law in favor of plaintiff, plaintiff cannot establish a cause of action against CHC in state court. *See Poulos*, 959 F.2d at 73-74.

In determining whether fraudulent joinder has occurred, courts are not limited to the allegations of the pleadings but may "'pierce the pleadings' and consider 'summary judgment-type evidence such as affidavits and deposition testimony.'" *Veugeler v. Gen. Motors Corp.*, No. 96 C 7278, 1997 WL 160749, at *2 (N.D. Ill. Apr. 2, 1997) (quoting *Peters v. AMR Corp.*, Nos. 95 C 588, 95 C 678, 95 C 923, 95 C 922, 95 C 1417, 95 C 1418, 1995 WL 358843, at *3 (N.D. Ill. June 13, 1995) (quoting *Carriere v. Sears Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990)). The "'limited use of affidavits and other evidence is permissible so long as the evidence is not used to 'pre-try' the case.'" *Id.* (quoting *Peters*, 1995 WL 358843, at *3) (citations omitted). Thus, with these considerations in mind, the court may consider the affidavits submitted by the parties.

Plaintiff asserts two claims against CHC – breach of contract and negligent misrepresentation. First, the court will review whether plaintiff's negligent misrepresentation claim against CHC has any chance of success.

## C. Plaintiff's Case Against CHC

Plaintiff argues it has alleged sufficiently a negligent misrepresentation claim against CHC despite any lack of contractual privity between the two parties. Defendants argue that plaintiff's allegations are deficient because it failed to plead the essential element of communicating inaccurate information because CHC did not provide the information at issue. In support of their argument, defendants submit the ASO agreement, 1998 amendment, and an

5

affidavit to establish CGLIC performed the administrative services that allegedly caused plaintiff's injuries.

To state a claim for negligent misrepresentation under Illinois law, a plaintiff must plead:

> (1) a false statement of material fact, (2) carelessness or negligence in ascertaining the truth of the statement by defendant, (3) an intention to induce the other party to act, (4) action by the other party in reliance on the truth of the statements, (5) damage to the other party resulting from such reliance, and (6) a duty owed by defendant to plaintiff to communicate accurate information.

Menard v. U.S. Equities Dev., Inc., No. 01 C 7142, 2002 WL 314571, at *4 (N.D. Ill. Feb. 28, 2002) (quoting *Quinn v. McGraw-Hill Cos. Inc.*, 168 F.3d 331, 335 (7th Cir. 1999) (citing *Rosenstein v. Standard & Poor's Corp.*, 636 N.E.2d 665, 667 (Ill. App. Ct. 1993)). Additionally, a plaintiff must establish that the defendant "'is in the business of supplying information for the guidance of others in their business transactions.'" *Orix Credit Alliance, Inc. v. Taylor Mach. Works, Inc.*, 125 F.3d 468, 475 (7th Cir. 1997) (quoting *Rankow v. First Chi. Corp.*, 870 F.2d 356, 362 (7th Cir. 1989) (quoting *Moorman Mfg. Co. v. Nat'l Tank Co.*, 435 N.E.2d 443, 452 (Ill. 1982)). Illinois law does not require contractual privity for negligent misrepresentation where the "'defendant knew the information would be used and relied upon' and 'the potential liability was restricted to a comparatively small group.'" *Quinn*, 168 F.3d at 335 (quoting *Rosenstein*, 636 N.E.2d at 668).

Defendants challenge only the first element of plaintiff's claim of negligent misrepresentation – the communication of inaccurate information. However, the parties' arguments constitute only a factual dispute as to whether CHC or CGLIC provided the information at issue.

6

In support of its motion to remand, plaintiff has submitted the affidavit of Leonard Canino ("Canino"), vice-president of human resources for CCI. His affidavit states:

> CCI has dealt exclusively with Cigna in regards to its performance of the ASO Agreement. It has had no contact with ... ("CGLIC") and/or ... ("Healthsource") with respect to performance of the ASO Agreement; and, to the best of my knowledge, CGLIC and Healthsource have not performed any services under the ASO Agreement.

(Pl.'s Mot. to Remand Ex. B at 1-2.) Defendants argue Canino's affidavit is deficient because it states "Cigna" performed services and does not distinguish between CHC, CGLIC, or CIGNA Corporation. Further, defendants argue that to the extent the affidavit reflects Canino's belief that CHC performed services under the ASO agreement, he is mistaken and the affidavit is erroneous.

Defendants argue the ASO agreement and 1998 amendment show that CHC did not provide the inaccurate information because it is not a named party. Further, defendants have submitted the affidavit of Carol L. Hough ("Hough"), CGLIC's regional director for underwriting. This affidavit states: "Since at least February 8, 1998, CGLIC has provided all administrative services under the ASO Agreement and the 1998 amendment." (Def.'s Resp. to Pl.'s Mot. to Remand Ex. A at 2.) The involvement of CHC, according to Hough, was due to a contract between CGLIC and CHC for "the use of [CHC's] network of contracted healthcare providers as preferred providers for, among others, the CCI plan." (*Id.*) She further states, "[CHC] did not perform services on behalf of CCI under the ASO Agreement or the 1998 amendment. CGLIC has not delegated its duties under the ASO Agreement to [CHC] and [CHC]

has no legal relationship with CCI." (*Id.*) Plaintiff challenges Hough's statements as improper legal conclusions.

In evaluating fraudulent joinder, the court is to resolve all issues of fact in favor of the plaintiff. *Poulos*, 959 F.2d at 73. In addition, the court must be cautious not to evaluate the merits of plaintiff's claims. *Peters*, 1995 WL 358843, at *3 (quoting *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 113 (3d Cir. 1990)) (stating that, in determining fraudulent joinder, the court is limited to evaluating whether colorable claims exist against the non-diverse defendant, leaving the determination of the merits of those claims to the state court).

Thus, the court resolves the factual dispute regarding who supplied the inaccurate information in favor of plaintiff and finds it is possible plaintiff may be able to establish CHC supplied the information and state a claim of negligent misrepresentation against CHC. *See County of Cook v. Mellon Stuart Co.*, 812 F. Supp. 793, 797-98 (N.D. Ill. 1992) (remanding case where affidavits created factual dispute). Therefore, defendants failed to establish that plaintiff has no chance of success against CHC and did not meet their burden of showing fraudulent joinder. Because this issue is dispositive, the court need not address the viability of plaintiff's claim for breach of contract.

Because CHC remains a proper party, complete diversity of citizenship does not exist and this court lacks subject matter jurisdiction. Therefore, the court grants plaintiff's motion to remand the case to the Circuit Court of Cook County pursuant to 28 U.S.C. § 1447(c). The court strikes as moot defendant CHC's motion to dismiss.

## III. CONCLUSION

For the foregoing reasons, the court grants plaintiff's motion to remand. The court remands this matter to the Circuit Court of Cook County (County Department, Law Division).

Date: **JUN 10 2003**

James H. Alesia
United States District Judge

9